IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOLI SYARIEF PULUNGAN,

        Plaintiff,                            ORDER

    v.                                          10-cv-634-wmc

BARBARA B. CRABB,

        Defendant.

---

DOLI SYARIEF PULUNGAN,

        Plaintiff,                            ORDER

    v.                                          10-cv-635-wmc

DAVID PAUL,

        Defendant.

---

DOLI SYARIEF PULUNGAN,

        Plaintiff,                            ORDER

    v.                                          10-cv-636-wmc

WARDEN MR. CHILDS,

        Defendant

---

DOLI SYARIEF PULUNGAN,

        Plaintiff,                            ORDER

    v.                                          10-cv-637-wmc

STEVE KACZIK,

        Defendant

_____

DOLI SYARIEF PULUNGAN,

       Plaintiff,           ORDER

   v.                   10-cv-638-wmc

CONDOLEZZA RICE by ROBERT KOVAC
by, ANTONY DEARTH,
       Defendants.
_____

DOLI SYARIEF PULUNGAN,

       Plaintiff,           ORDER

   v.                   10-cv-639-wmc

ERIK C. PETERSON by MEREDITH P. DUCHEMIN,

       Defendants.
_____

   Plaintiff Doli Syarief Pulungan, who is proceeding pro se, filed six proposed civil actions in which he is seeking money damages after having been wrongfully convicted in criminal case 07-CR-144-BBC-1. Pulungan has asked for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must

      prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

In this case, Pulungan says he does not have a job or any income and that he is being supported by his brothers. Pulungan also represents that he has sold much of his personal property and vehicles to pay for his living expenses and past business debts. From Pulungan's affidavit of indigency, it appears that he qualifies financially to proceed without prepaying the fees and costs associated with filing this lawsuit.

Because Pulungan is proceeding *in forma pauperis*, the court must screen his complaints pursuant to 28 U.S.C. § 1915 to determine whether any of the cases must be dismissed because (1) the complaint is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

The screening process is complicated by the fact that Pulungan has named Barbara B. Crabb, a fellow district judge in this court, as a defendant in one of his cases, case no. 10-cv-634-wmc. The court might consider transferring to another district a case in which one of the court's judges was named as a defendant, but it is not necessary to do so where a plaintiff's claims as pled are patently frivolous. *See In re Taylor*, 417 F.3d 649, 653 (7th Cir. 2005). With respect to Judge Crabb, the only allegations Pulungan provides in his complaint are that she presided over his criminal trial and signed the judgment of conviction, which was later overturned by the Court of Appeals for the Seventh Circuit. Because Judge Crabb has absolute immunity from liability for judicial conduct, *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001), Pulungan fails to allege a viable claim. Given that Pulungan's complaint is almost devoid of factual

3

allegations, the better course of action is to dismiss Judge Crabb from the lawsuit but allow him to file an amended complaint in which he explains in substantially greater detail what Judge Crabb did that violated his civil rights. If all Pulungan can allege is that Judge Crabb acted in her judicial capacity by presiding over his criminal case, I will dismiss the case as frivolous with prejudice and costs.

Pulungan's other five complaints suffer from similar problems. Under Fed. R. Civ. P. 8, a plaintiff's complaint must provide a short and plain statement that gives defendants notice of his claims and the court reason to believe the claims are credible. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Pulungan attempts to state claims against various state and federal officials for his wrongful conviction, but he does not explain what these defendants personally did that violated his rights. At the very outset of this suit, each of the named defendants may assert qualified immunity as a defense which bars a plaintiff from proceeding for acts taken in their official capacity absent knowledge that their action clearly violated Pulungan's constitutional rights. Without a specific description of each defendant's alleged wrongful acts, neither defendants nor the court can assess the merits of such a defense. Accordingly, the Court will dismiss the complaint as a whole but give Pulungan a chance to submit an amended complaint that explicitly details what defendants did to violate his rights. Accompanying this order is a form plaintiff is urges to use to help him meet this burden.

Finally, it should be noted in fairness to each of the defendants named in Pulungan's complaints, that it seems unlikely some, if not all of the defendants, violated his rights. In some of his complaints, he states that he should be compensated by the named defendant or "whoever is responsible." Given this allegation and the dearth of factual allegations in his complaint, it

is possible that Pulungan does not wish to sue federal and state officials for violations of his rights, but rather merely seeks compensation for his imprisonment under 28 U.S.C. §§ 1495 and 2513. If this is the case, plaintiff has filed his case in the wrong court.

Under § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." Section 2513 states:

> Any person suing under section 1495 of this title [28 U.S.C. § 1495] must allege and prove that: (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and (2) he did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

If plaintiff does not wish to pursue the current cases, but rather wishes to pursue a claim against the United States in the Court of Federal Claims, he should file an action in that court as soon as possible. Otherwise, if he intends to pursue his cases in this court, he will need to refile an amended complaint containing specific allegations detailing what defendants have done to violate his rights.

### ORDER

IT IS ORDERED that Pulungan's complaints are dismissed without prejudice or costs.

Entered this 11th day of January, 2011

                                                             BY THE COURT:
                                                             /s/
                                                             _____
                                                             WILLIAM M. CONLEY
                                                             District Judge